**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                                 )
ROBERT BETHEA,                                   )
FCI Fairton                                      )
P.O. Box 379                                     )
Fairton, New Jersey 08320                        )
                                                 )
                    Plaintiff,                   )
                                                 )
          v.                                     )
                                                 )
DISTRICT OF COLUMBIA,                            )
                                                 )
SERVE:    Linda Singer, Attorney General         )
          Office of Corporation Counsel          )
          441 4th Street, N.W.                    )
          Suite 6000                             )
          Washington, DC 20001                   )
                                                 )
          The Honorable Mayor                    )
          Adrian Fenty                           )
          Office of the Secretary                )
          1350 Pennsylvania Ave., N.W.           )
          Suite 419                              )
          Washington, DC 20004                   )
                                                 )
and                                              )
                                                 )
CORRECTIONS CORPORATION OF                       )
AMERICA, INC.,                                   )
                                                 )
SERVE:    CT Corporation System                  )
          1025 Vermont Ave. NW                   )
          Washington, DC 20005                   )
                                                 )
and                                              )
                                                 )
CENTER FOR CORRECTIONAL HEALTH                   )
AND POLICY STUDIES, Inc.,                        )
                                                 )
SERVE:    CT Corporation System                  )
          1015 15th Street, N.W. Suite 1000       )
          Washington, DC 20005                   )

```
                                                      )
and                                                   )
                                                      )
WARDEN DOUGLAS CAULFIELD                              )
Correctional Treatment Facility                       )
1901 E Street, S.E.                                   )
Washington, D.C. 20003                                )
                                                      )
CORRECTIONAL OFFICER ROGER SINCLAIR                   )
Correctional Treatment Facility                       )
1901 E Street, S.E.                                   )
Washington, D.C. 20003                                )
                                                      )
CORRECTIONAL OFFICER BONNIE SCOTT                     )
Correctional Treatment Facility                       )
1901 E Street, S.E.                                   )
Washington, D.C. 20003                                )
                                                      )
CORRECTIONAL OFFICER NICOLE HINES                     )
Correctional Treatment Facility                       )
1901 E Street, S.E.                                   )
Washington, D.C. 20003                                )
                                                      )
                 Defendants                           )
_____)
```

# COMPLAINT

## Preliminary Statement

1.      Plaintiff, Robert Bethea, previously in custody at the District of Columbia

Correctional Treatment Facility ("CTF"), brings this action against the District of Columbia

("the District"); Corrections Corporation of America, Inc., ("CCA"); Center for Correctional

Healthcare and Policy Studies ("CCHPS"); Douglas Caulfield, Warden of CTF; and Correctional

Officers Roger Sinclair, Bonnie Scott and Nicole Hines in their individual and official capacities,

(collectively, "Defendants") for monetary damages to redress his injuries resulting from

defendants' common law negligence and the constitutional violations of Plaintiff's rights.  Mr.

Bethea brings this action under the Eighth Amendment of the United States Constitution and the

Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, and brings negligence claims under District of Columbia common law.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over the federal law claims pursuant to 28 USC § 1331 and 28 USC §§ 1343(a)(3) and (a)(4).

3.    This Court has supplemental jurisdiction over District of Columbia law claims pursuant to 28 USC § 1367.

4.    The District of Columbia was given proper notice of Mr. Bethea's claims under D.C. Code § 12-309, by letter received on November 14, 2006.

## Parties

5.    Plaintiff **Robert Bethea** is an individual resident of the District of Columbia, incarcerated under District of Columbia law.  At all times relevant to this complaint, Mr. Bethea was an inmate at Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003. Mr. Bethea was subject to the care, custody and control of agents of the District of Columbia, the Correctional Corporation of America and the Center for Correctional Health and Policy Studies.

6.    Defendant **District of Columbia** is a municipal corporation that acts through its agents to establish its policies and is subject to suit under D.C. Code § 1-102.  The District of Columbia ("the District"), by and through its agents, is responsible for supervision and operation of the District of Columbia Department of Corrections ("DOC") and ensuring the health and safety of all inmates incarcerated in DOC facilities, including the contract facility, CTF.  The District, through its agents, is also responsible for monitoring the facilities with which it contracts for the care and custody of prisoners committed to the custody of the DOC.  The

District is responsible for and has a duty to establish policies and procedures for the DOC and its contracting agents, and for the training, supervision and discipline of Department staff.

7.    Defendant **Corrections Corporation of America, Inc**. is a Tennessee corporation doing business in and with the District.  CCA operates the CTF on behalf of the District.  At all relevant times, the employees and subcontractors of CCA were agents of and acting for and on the behalf of the District.  At all times relevant to this complaint, CCA was acting under color of state law in all of its activities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Robert Bethea.

8.    Defendant **Center for Correctional Health and Policy Studies** was a District of Columbia Corporation doing business in and with the District.  At all relevant times, CCHPS was an agent of and acting for and on behalf of the District.  CCHPS provided medical services to inmates at CTF.  CCHPS acted under color of state law at all times relevant to this complaint through September 30, 2006, when its contract with the District ended.

9.    Defendant **Caulfield** was employed by CCA as the warden at CTF at all times relevant to this complaint.  Defendant Caulfield is an agent of both CCA and DOC by virtue of the contract between the District and CCA.  As Warden, he was responsible for the care and custody of prisoners committed to the custody of the DOC housed at CTF, and has a duty to provide them with reasonable care.  He was also responsible for and had a duty to establish policies and procedures for CTF and oversight of the training, supervision and discipline of CTF staff.  At all times relevant to this complaint, Defendant Caulfield was acting under color of state law and within the scope of his employment.

10.    Defendant **Sinclair** is a Correctional Officer employed by the Corrections Corporation of America.  Defendant Sinclair is an agent of both CCA and DOC by virtue of the

contract between the District and CCA. As such, he was charged with the security of inmates housed within the housing unit SMU-A at the CTF. At all times relevant to this complain, Defendant Sinclair was acting under color of state law and within the scope of his employment.

11. Defendant **Scott** is a Correctional Officer with the rank of Lieutenant employed by the Corrections Corporation of America. Defendant Scott is an agent of both CCA and the DOC by virtue of the contract between the District and CCA. As such, she was charged with the security of inmates housed within the housing unit SMU-A at the CTF. At all times relevant to this complain, Defendant Scott was acting under color of state law and within the scope of her employment.

12. Defendant **Hines** is a Correctional Officer with the rank of Sergeant employed by the Corrections Corporation of America. Defendant Hines is an agent of both CCA and the DOC by virtue of the contract between the District and CCA. As such, she was charged with the security of inmates housed within the housing unit SMU-A at the CTF. At all times relevant to this complain, Defendant Hines was acting under color of state law and within the scope of her employment.

**Factual Allegations**

13. At all relevant times, each and every Defendant knew or should have known that the acts, omissions and conditions alleged herein, violated Plaintiff's common law and constitutional rights.

14. At all relevant times, Mr. Bethea was been a "status" or "total separation" inmate, which means that he could have no contact with other inmates for his own safety. He did not have a cellmate and no other inmates were permitted to be out of their cells on the unit when he was.

15.    As of March 2006, Mr. Bethea was housed at CTF in the Special Management Unit-A ("SMU-A").  SMU is a highly secure unit where inmates are housed for protection.  The movement of SMU assigned inmates is extremely limited and no inmates may interact with one another or be on the unit at the same time; that is, walking about the common areas together.

16.    In early June 2006, Mr. Bethea filed an inmate grievance reporting that supervisory officers Defendants Scott and Hines were allowing another status inmate, Gerald Cunningham, to perform "detail" duties on the unit.  Specifically, Plaintiff complained that the inmate, Cunningham, was allowed to hand out food trays, clean the unit and be out of his cell when other inmates were on the unit.  Upon information and belief, these actions were contrary to CCA, CTF and SMU policy.

17.    Upon information and belief, detail inmates would typically be assigned from the general population rather than the secure unit itself.

18.    On information and belief, in late May or early June 2006, Mr. Bethea spoke to Defendant Caulfield regarding his concerns about his safety and concerns regarding security issues related to Defendant Hines.  Mr. Bethea knew Defendant Hines' husband prior to his incarceration and wanted to be separated from her.  In particular, he was concerned that Defendant Hines was a member of the disciplinary hearing board, and that he would be given an unfair hearing should he have appear before her for any reason.

19.    On information and belief, Mr. Bethea submitted inmate grievances prior to the events of this complaint, complaining that Defendant Scott and another officer made disparaging remarks about him.

20.    On June 13, 2006, Mr. Bethea passed a note, written on an inmate incident statement form, through an officer on duty, Officer Tomes, to Defendant Scott, about Defendant Sinclair

allowing inmate Cunningham broad access to other inmates in violation of CCA, CTF and SMU policy.

21.    Mr. Bethea observed Defendant Scott take Cunningham aside on that date. Cunningham came back to the unit a few minutes later, looked in the direction of Mr. Bethea's cell and called him names.

22.    On information and belief, Officer Tomes informed Defendant Sinclair of Mr. Bethea's concern about inmate Cunningham, during the shift change on June 13, 2006.

23.    During the evening of June 13, 2006, Mr. Bethea was threatened by both inmate Cunningham and Defendant Sinclair.  Specifically, Cunningham walked back and forth in front of Mr. Bethea's cell threatening to stab him and calling insults to him.

24.    On June 13, 2006, Defendant Sinclair threatened Mr. Bethea and Mr. Bethea heard him tell the other inmates that there was an informer in the unit.  He specifically mentioned being written up for allowing a detail inmate to serve food trays.

25.    At approximately 5:30 a.m. on June 14, 2006, Defendant Sinclair, who was serving breakfast trays, made comments on the unit that Mr. Bethea wrote him up and Defendant Sinclair continued to threaten him.  Inmate Cunningham was also walking free on the unit and threatened Mr. Bethea.

26.    Inmate Cunningham told Defendant Sinclair that he would attack Mr. Bethea with a mop if Defendant Sinclair would open the cell door.

27.    Defendant Sinclair opened the cell door and inmate Cunningham hit Mr. Bethea with a mop.

28.    Defendant Sinclair not only perpetrated this assault but also stood by and watched while it occurred.  Defendant Sinclair did not attempt to stop the fight or call for security.

29.     After a few moments, an officer from SMU-B noticed the incident and called for other officers to break up Mr. Bethea and inmate Cunningham.  The responding officers tackled Mr. Bethea, which caused him to hit his head on the floor and he lost consciousness.

30.     Mr. Bethea regained consciousness after a brief moment, but had a tingling feeling in his head and blurred vision.

31.     Mr. Bethea was taken to the medical unit for evaluation by CCHPS staff, but was released back to his cell.

32.     A few hours later, Mr. Bethea could not move his left arm or left leg.

33.     After a second brief inspection by CCHPS staff, Mr. Bethea was taken by ambulance to Greater Southeast Hospital, and after initial evaluation there, transported by helicopter to Washington Hospital Center for an MRI.  He was discharged the next day, on June 15, 2006.

34.     As a result of this incident, Mr. Bethea sustained injuries including, but not limited to, the inability to move his left foot and limited movement of his left wrist and hand.

35.     Mr. Bethea received a Disciplinary Report signed by Defendant Sinclair on June 14, 2006 for an alleged "physical altercation."

36.     Defendant Hines was the staff member assigned to hear the disciplinary matter.

37.     Mr. Bethea contested Defendant Hines conducting his hearing because she was one of the subjects of the note that precipitated the assault and because of their prior acquaintance.

38.     The disciplinary charge against Mr. Bethea was dismissed before a hearing was conducted.

39.     Upon information and belief, Defendant Hines found inmate Cunningham "not guilty" of the disciplinary charge resulting from the June 14, 2006 attack on Mr. Bethea.

40.     Upon information and belief, inmate Cunningham was moved to SMU-B and continued to serve as "detail" despite his designation as a "status" inmate.

41.     On or about June 15, 2006, Mr. Bethea filed a written grievance describing the attack of June 14, 2006.

42.     On July 7, 2006, Mr. Bethea received a response to his grievance, signed by Captain Bruce and grievance coordinator, Joyce Allen.  It stated, "Investigation was done and Officer R. Sinclair was properly reprimanded for his misconduct.  This issue is considered resolved."  Mr. Bethea appealed this decision to the Contract Monitor Patricia Temoney, an employee and agent of the District.

43.     On or about July 13, 2006, Mr. Bethea received a memorandum from the Contract Monitor, informing him that "Wardens Richardson and Johnston personally addressed" his appeals.  Mr. Bethea considered this the conclusion of his grievance process on the issue of the assault, as it was a positive response.

44.     Upon information and belief, Defendants Sinclair, Hines and Scott were all removed from duty in SMU-A following the assault on Mr. Bethea.

45.     Upon information and belief, supervisory staff, including the ranks of Lieutenant and Sergeant, have the responsibility for the safety of inmates and the security of the unit to which they are assigned and are also responsible for supervising the acts of their subordinates.

46.     Upon information and belief, the training of staff members and the care and safety of SMU is more specific and detailed than for the general population.

47.     Upon information and belief, Defendant Caulfield knew or should have known of the failure in keeping total separation inmates separate, which was occurring regularly in SMU-A.

Further, Defendant Caulfield knew or should have known that at least one total separation inmate was doing detail work on SMU-A.

48.    Mr. Bethea made written requests for medical attention on dates including, but not limited to: June 15, 2006, July 4, 2006, September 18, 2006, October 2, 2006 and October 19, 2006.

49.    On June 16, 2006, Mr. Bethea saw Physicians' Assistant Strothers, in Medical Services at CTF, who ordered Mr. Bethea to see a neurologist.

50.    More than a month later, on July 18, 2006, Mr. Bethea saw Dr. Peterson, the CCHPS neurologist.  Dr. Peterson ordered physical therapy and a foot lift on July 18, 2006 and re-issued the order on September 13, 2006.  Further, Dr. Peterson prescribed three different medications on July 18, 2006.  Mr. Bethea did not receive these medications until the beginning of September 2006.

51.    Mr. Bethea did not see a podiatrist until November 2, 2006, after the CCHPS contract ended and a new provider took over for all DOC inmates.  The foot lift was ordered a third time on November 2, 2006.

52.    Further, CCA staff repeatedly failed to escort Mr. Bethea to his scheduled therapy appointments on dates including, but not limited to: August 22, 2006, August 29, 2006, September 5, 2006, September 6, 2006 and September 18, 2006.

53.    On several occasions, Mr. Bethea was transported late to his scheduled forty-five minute appointments, leaving him with less than fifteen minutes of therapy time.

54.    The medical care provided by CCHPS to Mr. Bethea was inadequate and delayed. Physical therapy and several medical devices were ordered for Mr. Bethea, but he was repeatedly

brought late or not brought at all to his appointments.  Mr. Bethea finally received a foot lift in January 2007.

55.    Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies, individually and through their agents, failed to comply with established standards of care.  Defendants had a duty to provide a health care system that included prompt treatment of injuries as well as transportation to appointments.  Further, Defendants failed to exercise reasonable care to insure that Mr. Bethea received treatment from a neurologist within a reasonable period.

56.    On information and belief there were systemic problems associated with referrals for off-site medical treatment of inmates and specialist care that were known to Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies.  These Defendants failed to take reasonable actions to insure that said systemic problems were addressed.

57.    Mr. Bethea has filed administrative remedies, and exhausted on all of the above issues, to the extent available.

### LEGAL CLAIMS

#### COUNT I
#### Violation of the Eighth Amendment to the United States Constitution
#### Failure to Protect
#### (Against Defendants Sinclair in his individual and official capacity, Corrections Corporation of America, and the District of Columbia)

58.    Mr. Bethea incorporates by reference each of the factual allegations stated in paragraphs 1 through 57.

59.    Defendant Correctional Officer Sinclair is charged with a constitutional duty to protect inmates at CTF from foreseeable assault by other inmates.  Defendant was on notice of

direct threats by inmate Cunningham to the physical safety of Mr. Bethea and acted maliciously and sadistically by initiating and condoning the assault and failing to prevent the inmate from harming Mr. Bethea.  Defendant Sinclair's actions and inactions demonstrated a malicious and sadistic disregard for Plaintiff's health and safety, and constitute a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

60.     Defendant Sinclair violated Mr. Bethea's constitutional rights while acting under color of law and/or pursuant to the custom, pattern, policy and practice of the District and CCA.

61.     The deprivations of Plaintiff's rights described herein are not reasonably related to the furtherance of any legitimate interest in security or other legitimate interest.

62.     Defendant Sinclair acted in the course and scope of his employment and as an agent of CCA and the District.

63.     Corrections Corporation of America, as Defendants Sinclair's employer, is liable for the wrongdoings of its employees.

64.     The District of Columbia cannot contract away its constitutional obligations to inmates and therefore, is liable for the constitutional wrongdoings of its contractors.

65.     The failure of Defendants Sinclair, Corrections Corporation of America and the District of Columbia to protect Mr. Bethea from assault is the proximate cause of his continuing injuries, including, but not limited to: limited use of his left leg and limited use of his left arm, emotional distress, pain and a diminished quality of life, lost wages, medical costs and other injuries and damages.

**COUNT II**
**Violation of the Eighth Amendment to the United States Constitution**
**Failure to Protect**
**(Against Defendants District of Columbia, Corrections Corporation of America, Douglas Caulfield and Correctional Officers Scott and Hines, in their individual and official capacities)**

66.    Mr. Bethea incorporates by reference each of the factual allegations stated in paragraphs 1 through 57.

67.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott were under a duty to provide for the care and custody of the Plaintiff and to protect him from harm from other inmates while in the Special Management Unit.  They had a duty to provide him with adequate supervision, proper conduct according to policy and procedure, and heightened security based on his status as an SMU assigned inmate.

68.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott, through their acts and omission, failed to protect Plaintiff from harm caused by its employees and/or subordinates and other inmates.

69.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott knew or should have known of Plaintiffs concerns for his safety based on lax security measures with regard to movement of SMU assigned inmates and a culture of condoned inmate fighting.  Defendants were deliberately indifferent to the known practices of the SMU-A.

70.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott's policy and practice of failing to protect inmates assigned to the SMU resulted in Mr. Bethea's injuries, including, but not limited to:

limited use of his left leg and limited use of his left arm, emotional distress, pain and a diminished quality of life, lost wages, medical costs and other injuries and damages.

71.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott violated Mr. Bethea's constitutional rights while acting under color of law and/or pursuant to the custom, pattern, policy and practice of the District and CCA.

**COUNT III**
**Violation of the Eighth Amendment to the United States Constitution**
**Failure to Train and Supervise**
**(Against Defendants District of Columbia, Corrections Corporation of America, Douglas Caulfield and Correctional Officers Scott and Hines, in their individual and official capacities)**

72.    Mr. Bethea incorporates by reference each of the factual allegations contained in paragraphs 1 through 57.

73.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott were under a duty to provide for the care and custody of the Plaintiff and implement security procedures designed to protect inmates from assaults by other inmates.  They had a duty to properly train and supervise officers and employees, and their agents in these policies and procedures.

74.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott, through their acts and omissions, failed to adequately train staff and agents in established security procedures for securing the safety of inmates housed in the Special Management Unit.  Defendants knew or should have known that there was a practice of condoning lax security measures for the movement of status inmates and condoning inmate fighting, and they were deliberately indifferent to said practices and the risk of

harm to Plaintiff.  Defendants knew or should have known that there was inadequate training and supervision of corrections officers at CTF with regard to security procedures.

75.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott actions and inactions constituted an official policy and practice of failing to properly train staff and agents and resulted in the violation of Mr. Bethea's Eighth Amendment constitutional right to be free from cruel and unusual punishment.

76.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott's policy and practice of failing to properly train staff and agents resulted in Mr. Bethea's injuries, including, but not limited to: loss of use of his left leg and limited use of his left arm, emotional distress, pain and a diminished quality of life, lost wages, medical costs and other injuries and damages.

77.    Defendants District of Columbia, Correction Corporation of America, Warden Caulfield and Correctional Officers Hines and Scott violated Mr. Bethea's constitutional rights while acting under color of law and/or pursuant to the custom, pattern, policy and practice of the District and CCA.

**COUNT IV**
**Negligent Supervision of Inmates**
**(Against Defendants District of Columbia, Corrections Corporation of America, Douglas Caulfield and Correctional Officers Sinclair, Hines and Scott)**

78.    Mr. Bethea incorporates by reference each of the factual allegations contained in paragraphs 1 through 57.

79.    Pursuant to D.C. Code § 24-211.02 and common law, Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers

Sinclair, Hines and Scott owed Mr. Bethea, an inmate in their custody, a duty to properly protect him from assault by other inmates. That duty manifests itself in the supervision of inmates.

80.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Sinclair, Hines and Scott breached their duty to Mr. Bethea through negligent supervision of the inmates at CTF, unit SMU-A.

81.    Defendants District of Columbia, Corrections Corporation of America, Warden Caulfield and Correctional Officers Sinclair, Hines and Scott's breach was the proximate cause of Mr. Bethea's injuries, including but not limited to: limited use of his left arm and leg, emotional distress, pain and a diminished quality of life, lost wages, medical costs and other injuries and damages.

82.    Under the common law theory of respondeat superior, Defendant Corrections Corporation of America is responsible for the negligent actions of its employees when those actions occur during the scope of employment.

**COUNT V**
**Negligent Training of Staff and Agents**
**(Against Defendants District of Columbia, Corrections Corporation of America and Douglas Caulfield)**

83.    Mr. Bethea incorporates by reference each of the factual allegations contained in paragraphs 1 through 57.

84.    Pursuant to D.C. Code § 24-211.02 and common law, Defendants District of Columbia, Corrections Corporation of America and Douglas Caulfield owed Mr. Bethea, an inmate in their custody, a duty to provide sufficiently trained staff and correctional officers at CTF to prevent harm and injury to inmates.

85.    Defendants District of Columbia, Corrections Corporation of America and Douglas Caulfield breached their duty to train its staff and agents in the proper safekeeping, care,

protection, instruction and supervision of inmates as the injuries to Mr. Bethea were reasonably foreseeable.  Defendants were under a duty to provide for the care and custody of the Plaintiff and implement security procedures designed to protect inmates from assaults by other inmates. They had a duty to properly supervise and train their officers, employees and agents regarding the policies and procedures.

86.    Defendants District of Columbia, Corrections Corporation of America and Douglas Caulfield, through their acts and omissions, failed to properly train and supervise their officers, employees and other agents regarding threats to the safety of inmates and the grievance system. Defendants knew or should have known that there was a practice of condoning inmate fighting as well as lax security measures for the movement of inmates in SMU-A.  As such, Defendants failed to exercise reasonable care with regard to the risk of harm to Mr. Bethea.  Defendants knew or should have known that there was inadequate training and supervision of corrections officers at CTF with regard to the safety of inmates.

87.    Defendants District of Columbia, Corrections Corporation of America and Douglas Caulfield breach in their duty of care to properly train the staff and employees proximately caused Mr. Bethea's injuries.

88.    Under the common law theory of respondeat superior, Defendant Corrections Corporation of America is responsible for the negligent actions of its employees when those actions occur during the scope of employment.

## COUNT VI

### Violation of the Eighth Amendment to the United States Constitution:
### Deliberate Indifference to Serious Medical Need
**(Against Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies)**

89.    Mr. Bethea incorporates by reference each of the factual allegations contained in paragraphs 1 through 57.

90.    Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies, were under a duty to provide for the care and custody of the Plaintiff, including the provision of medical care.  Defendants, through their acts and omissions, were deliberately indifferent to Mr. Bethea's injuries and recovery.

91.    Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies were deliberately indifferent by failing to treat Mr. Bethea properly for injuries sustained while in the custody of Department of Corrections and at CTF.

92.    Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies were deliberately indifferent by delaying Mr. Bethea's access to medical personnel and failing to carry out medical orders.

93.    Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies had a duty to ensure that inmates had access to a medical health care system with sufficient resources, communication and trained personnel to diagnose and treat serious medical conditions and to ensure specialized medical care as needed.  On information and belief, Defendants knew that there were unreasonable delays associated with his treatment and failed to take the steps necessary to correct systemic problems associated with such delays.

94.    Defendants District of Columbia, Corrections Corporation of America and the Center for Correctional Health and Policy Studies deliberate indifference to the needs of Mr. Bethea is the proximate cause of Mr. Bethea's injuries, including, but not limited to: limited use of his left arm and leg, emotional distress, pain and a diminished quality of life, lost wages, medical costs and other injuries and damages.

**COUNT VII**
**Negligent Provision of Medical Care**
**(Against Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies)**

95.    Mr. Bethea incorporates by reference each of the factual allegations contained in paragraphs 1 through 57.

96.    Pursuant to D.C. Code § 24-211.02 and common law, Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies owed Mr. Bethea, an inmate in their custody, a duty to provide reasonable medical care equivalent to the duty that physicians owe to private patients generally.

97.    Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies breached their duties of care by failing to treat Mr. Bethea properly for injuries sustained while in the custody of DOC and at CTF.

98.    Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies breached their duties of care by delaying Mr. Bethea's access to medical personnel and failing to carry out medical orders.

99.    Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies had a duty to ensure that inmates such as Plaintiff's had access to medical health care system with sufficient resources, communication and trained personnel to diagnose and treat serious medical conditions and ensure specialized medical care

when needed.  On information and belief, Defendants knew that there were unreasonable delays associated his treatment and failed to take the steps necessary to correct systemic problems associated with such delays.

100.   Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies failure to exercise reasonable care with regard to meet their duties is the proximate cause of Mr. Bethea's injuries, including, but not limited to: limited use of his left arm and leg, emotional distress, pain and a diminished quality of life, lost wages, medical costs and other injuries and damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1.   Award plaintiff compensatory damages in an amount to be determined;

2.   Award plaintiff punitive damages as may be statutorily available;

3.   Award plaintiff his reasonable attorneys' fees and costs pursuant to Title 42 Section 1988 in connection with this action; and

4.   Grant such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Eric Dublier*
Eric Dubelier, DC. Bar # 419412
Reed Smith, LLP
Counsel for Robert Bethea
1301 K Street, N.W.
East Tower – Suite 1100
Washington, D.C.  20005
(202) 414-9200

Philip Fornaci, DC Bar # 434824
Ivy A. Lange, DC Bar # 488147

Washington Lawyers' Committee for
Civil Rights & Urban Affairs
Counsel for Robert Bethea
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

## **JURY DEMAND**

Plaintiff, by and through counsel, demands trial by jury.


Respectfully Submitted,


*/s/ Eric Dubelier*
Counsel for Robert Bethea

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Bethea | District of Columbia; Corrections Corporation of America; Center for Correctional Health and Policy Studies; Douglas Caulfield; Roger Sinclair; Bonnie Scott; Nicole Hines |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Eric Dubelier Reed Smith LLP 1301 K Street, N.W. Suite 1100 - East Tower Washington, DC 20005 202-414-9200 | |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

● 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General <br> ☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment <br> (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895** Freedom of Information Act <br> ☐ **890** Other Statutory Actions <br> (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans <br> (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act <br> ☐ **720** Labor/Mgmt. Relations <br> ☐ **730** Labor/Mgmt. Reporting & Disclosure Act <br> ☐ **740** Labor Railway Act <br> ☐ **790** Other Labor Litigation <br> ☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act) <br> ☐ **443** Housing/Accommodations <br> ☐ **444** Welfare <br> ☐ **440** Other Civil Rights <br> ☐ **445** American w/Disabilities-Employment <br> ☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance <br> ☐ **120** Marine <br> ☐ **130** Miller Act <br> ☐ **140** Negotiable Instrument <br> ☐ **150** Recovery of Overpayment & Enforcement of Judgment <br> ☐ **153** Recovery of Overpayment of Veteran's Benefits <br> ☐ **160** Stockholder's Suits <br> ☐ **190** Other Contracts <br> ☐ **195** Contract Product Liability <br> ☐ **196** Franchise | ☐ **441** Civil Rights-Voting <br> (if Voting Rights Act) |

**V. ORIGIN**

○ **1** Original Proceeding   ○ **2** Removed from State Court   ○ **3** Remanded from Appellate Court   ○ **4** Reinstated or Reopened   ○ **5** Transferred from another district (specify)   ○ **6** Multi district Litigation   ○ **7** Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. Section 1983, Violation of Prisoner-Plaintiff's Eighth Amendment right against cruel and unusual punishment.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ TBD   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 02/22/07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information prior to signing the form.