# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Bethea,<br><br>    Plaintiff,<br><br>  v.<br><br>District of Columbia, Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., Warden Douglas Caulfield, Correctional Officer Roger Sinclair, Correctional Officer Bonnie Scott, Correctional Officer Nicole Hines,<br><br>    Defendants. | No. 1:07-cv-00386 RCL |

## PRAECIPE REGARDING WAIVERS OF SERVICE OF SUMMONS

  Daniel P. Struck, attorney for Defendants, Corrections Corporation of America, Warden Douglas Caulfield and Correctional Officer Bonnie Scott, hereby gives Notice of filing Waivers of Service of Summons signed by Defendants Caulfield and Scott (attached hereto as Exhibit A). Defendants were served with the Summons and Complaint on March 2, 2007.


Dated: April 12, 2007       By s/ Daniel P. Struck
                  Daniel P. Struck, Bar No. 012377
                  JONES, SKELTON & HOCHULI, P.L.C.
                  2901 North Central Avenue, Suite 800
                  Phoenix, Arizona 85012
                  Telephone: (602) 263-1700
                  Facsimile: (602) 263-1784

Paul J. Maloney, DC Bar No. 362533
Colleen Durbin, DC Bar No. 500039
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC   20036
Telephone:        (202) 310-5500
Facsimile:        (202) 310-5555

Attorneys for Defendants, *CCA, Caulfield and Scott*

Foregoing *electronically* filed this 13th day of April, 2007.

_____s/  Carol S. Madden_____

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2007 a copy of the foregoing Praecipe Regarding Waivers of Service of Summons was served by First Class U.S. Mail, postage prepaid, on the following parties:

Eric A. Dubelier, Esq.
REED SMITH
East Tower
1301 K Street, N.W.
Washington, DC   20005

Ivy Ann Lange, Esq.
WASHINGTON LAWYERS' COMMITTEE FOR
   CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W.
Suite 400
Washington, DC   20036

Attorneys for Plaintiff, *Robert Bethea*

Shana Lynn Frost, Esq.
OFFICE OF THE ATTORNEY GENERAL FOR THE
      DISTRICT OF COLUMBIA
441 Fourth Street
6th Floor South
Washington, DC   20001
Attorneys for Defendant, *District of Columbia*

Paul J. Maloney, DC Bar No. 362533
Colleen Durbin, DC Bar No. 500039
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC  20036


                                                                     s/  Daniel P. Struck

# EXHIBIT A

03/02/2007 14:48 FAX 6152833020   CCA LEGAL DEPT   ☒004/028

AO 3W (Rev. 18/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>Eric Dubelier</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Douglas Caulfield</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Bethea v. District of Columbia, et al</u>,
(CAPTION OF ACTION)

which is case number <u>1:07CV00386</u> in the United States District Court
(DOCKET NUMBER)

for the _____ District of <u>District of Columbia</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>February 28, 2007</u>,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

<u>4/5/07</u>         _____(signature)_____
(DATE)

Printed/Typed Name: <u>JOHN D. CAULFIELD</u>

As <u>WARDEN</u> of <u>CCA/CTF</u>
(TITLE)         (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

⚹AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __Eric Dubelier__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Bonnie Scott__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Bethea v. District of Columbia, et al__,
(CAPTION OF ACTION)

which is case number __1:07CV00386__ in the United States District Court
(DOCKET NUMBER)

for the _____ District of __District of Columbia__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __February 28, 2007__,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

__4/5/07__            __Bonnie Scott__
(DATE)                (SIGNATURE)

Printed/Typed Name: __BONNIE SCOTT__

As _____ of _____
(TITLE)          (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.