## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Bethea, | |
| Plaintiff, | No. 1:07-cv-00386 RCL |
| v. | |
| District of Columbia, Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., Warden Douglas Caulfield, Correctional Officer Roger Sinclair, Correctional Officer Bonnie Scott, Correctional Officer Nicole Hines, | |
| Defendants. | |

### ANSWER OF DEFENDANTS CORRECTIONS CORPORATION OF AMERICA, THE DISTRICT OF COLUMBIA, DOUGLAS CAULFIELD, ROGER SINCLAIR, BONNIE SCOTT AND NICOLE HINES

These answering Defendants, Corrections Corporation of America ("CCA"), the District of Columbia, Douglas Caulfield, Roger Sinclair, Bonnie Scott and Nicole Hines, through counsel, and for their Answer to Plaintiff's Complaint, admit, deny and allege as follows:

These answering Defendants deny each and every allegation of Plaintiff's Complaint which is not specifically admitted, denied or otherwise pled to.

### PRELIMINARY STATEMENT

1.      These answering Defendants admit that Plaintiff Robert Bethea was a former inmate at the Correctional Treatment Facility ("CTF") in Washington, D.C. The remaining allegations contained in paragraph 1 of Plaintiff's Complaint contain statements of law or characterizations of Plaintiff's claims and are not allegations requiring a response. To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

1770854.1

## JURISDICTION AND VENUE

2.      These answering Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      These answering Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      These answering Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

## PARTIES

5.      In answering paragraph 5 of Plaintiff's Complaint, Defendants admit only that Robert Bethea is a former D.C. Department of Corrections inmate who was incarcerated at CTF.  Defendants further admit that the Center for Correctional Health and Policy Studies ("CCHPS") provides all medical services for CTF inmates pursuant to a correctional medical services contract entered into as between the District of Columbia Department of Corrections and CCHPS.

6.      In answering paragraph 6 of Plaintiff's Complaint, these answering Defendants admit only that the District of Columbia is a municipal corporation. The Defendants further admit that the District of Columbia Department of Corrections has a duty to act reasonably to protect inmates from known, unreasonable and foreseeable risks of substantial harm. Defendants also admit that the District of Columbia trains, supervises and disciplines, where appropriate, its own District of Columbia staff and also establishes policies and procedures for its District of Columbia staff. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      In answering paragraph 7 of Plaintiff's Complaint, these answering Defendants deny that Corrections Corporation of America is a Tennessee corporation, but admits

- 2 -

that it does business with the District of Columbia and that it is responsible for establishing policies and procedures for training, supervision and discipline of its own CCA staff. These answering Defendants further admit that all times relevant to Plaintiff's Complaint, it was acting under color of law in all of its activities with respect to the incarceration, care, custody, health and safety of Plaintiff. These answering Defendants deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8.     The allegations contained in paragraph 8 of Plaintiff's Complaint are not directed to these answering Defendants and, therefore, no response is required. To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     In answering paragraph 9 of Plaintiff's Complaint, these answering Defendants admit that Douglas Caulfield was the Warden at CTF at the time relevant to this Complaint. Defendants also admit that as Warden, Defendant Caulfield oversaw the operation of the CTF facility. Defendants further admit that Defendant Caulfield has a duty to act reasonably under the circumstances to protect inmates from known, unreasonable and foreseeable risks of substantial harm. Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     In answering paragraph 10 of Plaintiff's Complaint, these answering Defendants admit that Roger Sinclair is a Correctional Officer employed by CCA and was acting under color of law in the discharge of his official duties. Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     In answering paragraph 11 of Plaintiff's Complaint, these answering Defendants admit that Bonnie Scott is a Correctional Officer with the rank of Lieutenant

employed by CCA at the time of the incident and was acting under color of law in the discharge of her official duties. Defendants deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. In answering paragraph 12 of Plaintiff's Complaint, these answering Defendants admit that Nicole Hines is a Correctional Officer with the rank of Sergeant and employed by CCA and was acting under color of law in the discharge of her official duties. Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

13. These answering Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. In answering paragraph 14 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

15. In answering paragraph 15 of Plaintiff's Complaint, these answering Defendants admit that Mr. Bethea was housed in the Special Management Unit during his incarceration at the Correctional Treatment Facility. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 15 and therefore, deny same.

16. In answering paragraph 16 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

17. In answering paragraph 17 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

1770854.1

18.     In answering paragraph 18 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

19.     In answering paragraph 19 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

20.     In answering paragraph 20 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

21.     In answering paragraph 21 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

22.     In answering paragraph 22 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

23.     In answering paragraph 23 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

24.     In answering paragraph 24 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

25.    In answering paragraph 25 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

26.    In answering paragraph 26 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

27.    In answering paragraph 27 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

28.    In answering paragraph 28 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

29.    In answering paragraph 29 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

30.    In answering paragraph 30 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

31.    In answering paragraph 31 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

1770854.1

32.     In answering paragraph 32 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

33.     In answering paragraph 33 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

34.     In answering paragraph 34 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

35.     In answering paragraph 35 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

36.     In answering paragraph 36 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

37.     In answering paragraph 37 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

38.     In answering paragraph 38 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

39.     In answering paragraph 39 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

40.     In answering paragraph 40 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

41.     In answering paragraph 41 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

42.     In answering paragraph 42 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

43.     In answering paragraph 43 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

44.     These answering Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     In answering paragraph 45 of Plaintiff's Complaint, these answering Defendants admit only that correctional staff have a duty to act reasonably to protect inmates from known, foreseeable and unreasonable risks of substantial harm. Defendants also admit that correctional officers in supervisory positions usually oversee the performance of subordinate officers. Defendants deny the remaining allegations contained in paragraph 45 of Plaintiff's Complaint.

1770854.1

46.    These answering Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.    These answering Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.    In answering paragraph 48 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

49.    In answering paragraph 49 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

50.    The allegations contained in paragraph 50 of Plaintiff's Complaint are not directed to these answering Defendants and, therefore, no response is required by these answering Defendants.  To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.    The allegations contained in paragraph 51 of Plaintiff's Complaint are not directed to these answering Defendants and, therefore, no response is required by these answering Defendants.  To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.    In answering paragraph 52 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

53.     In answering paragraph 53 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

54.     The allegations contained in paragraph 54 of Plaintiff's Complaint are not directed to these answering Defendant and, therefore, no response is required by this answering Defendants.   To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     These answering Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     These answering Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     In answering paragraph 57 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

## LEGAL CLAIMS

## COUNT I

### Violation of the Eighth Amendment to the United States Constitution – Failure to Protect

**(Against Defendants Sinclair in his individual capacity and official capacity, Corrections Corporation of America, and the District of Columbia)**

58.     In answering Paragraph 58 of Plaintiff's Complaint, these answering Defendants incorporate their answers to paragraphs 1 through 57 as if fully set forth herein.

59.     These answering Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.    These answering Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.    These answering Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.    In answering paragraph 62 of Plaintiff's Complaint, these answering Defendants admit that Defendant Sinclair acted in the course and scope of his employment and under color of state law at the time of this incident. These answering Defendants deny the remaining allegations contained in paragraph 62 of Plaintiff's Complaint.

63.    These answering Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.    These answering Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.    These answering Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

## COUNT II

### Violation of the Eighth Amendment to the United States
### Constitution – Failure to Protect

**(Against Defendants District of Columbia, Corrections Corporation of America, Douglas Caulfield and Correctional Officers Scott and Hines, in their individual and official capacities)**

66.    In answering paragraph 66 of Plaintiff's Complaint, these answering Defendants incorporate their answers to paragraphs 1 through 65 as if fully set forth herein.

67.    In answering paragraph 67 of Plaintiff's Complaint, these answering Defendants admit only that they have a duty to act objectively reasonably to protect inmates from

1770854.1

known, unreasonable and foreseeable risks of substantial harm. These answering Defendants deny the remaining allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     These answering Defendants deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

69.     These answering Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.     These answering Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

71.     These answering Defendants deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

## COUNT III

### Violation of the Eighth Amendment to the United States Constitution – Failure to Train and Supervise

**(Against Defendants District of Columbia, Corrections Corporation of America, Douglas Caulfield and Correctional Officers Scott and Hines, in their individual and official capacities)**

72.     In answering paragraph 72 of Plaintiff's Complaint, these answering Defendants incorporate their answers to paragraphs 1 through 71 as if fully set forth herein.

73.     In answering paragraph 73 of Plaintiff's Complaint, these answering Defendants admit only that they have a duty to act objectively reasonably to protect inmates from known, unreasonable and foreseeable risks of substantial harm. These answering Defendants deny the remaining allegations contained in paragraph 73 of Plaintiff's Complaint.

74.     These answering Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

1770854.1

75.    These answering Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.    These answering Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.    These answering Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

## COUNT IV

### Negligent Supervision of Inmates

**(Against Defendants District of Columbia, Corrections Corporation of America, Douglas Caulfield and Correctional Officers Scott and Hines)**

78.    In answering Paragraph 78 of Plaintiff's Complaint, these answering Defendants incorporate their answers to paragraphs 1 through 77 as if fully set forth herein.

79.    In answering Paragraph 79 of Plaintiff's Complaint, these answering Defendants admit only that they have a duty to act reasonably to protect inmates from known, unreasonable and foreseeable risks of substantial harm. These answering Defendants deny the remaining allegations contained in paragraph 79 of Plaintiff's Complaint.

80.    These answering Defendants deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

81.    These answering Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.    The allegations contained in paragraph 82 of Plaintiff's Complaint contain statements of law or characterizations of Plaintiff's claims and are not allegations requiring a response.  To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

## COUNT V

### Negligent Training of Staff and Agents

**(Against Defendants District of Columbia, Corrections Corporation of America and Douglas Caulfield)**

83.     In answering paragraph 83 of Plaintiff's Complaint, these answering Defendants incorporate their answers to paragraphs 1 through 82 as if fully set forth herein.

84.     In answering paragraph 84 of Plaintiff's Complaint, these answering Defendants admit only that they have a duty to act reasonably to protect inmates from known, unreasonable and foreseeable risks of substantial harm. These answering Defendants deny the remaining allegations contained in paragraph 84 of Plaintiff's Complaint.

85.     These answering Defendants deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

86.     These answering Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87.     These answering Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88.     The allegations contained in paragraph 88 of Plaintiff's Complaint contain statements of law or characterizations of Plaintiff's claims and are not allegations requiring a response.  To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

1770854.1

## COUNT VI

**Violation of the Eighth Amendment to the United States Constitution:
Deliberate Indifference to Serious Medical Need**

**(Against Defendants District of Columbia, Corrections Corporation of America and Center
for Correctional Health and Policy Studies)**

89.    In answering paragraph 89 of Plaintiff's Complaint, these answering Defendants incorporate their answers to paragraphs 1 through 89 as if fully set forth herein.

90.    These answering Defendants deny that they were deliberately indifferent to Plaintiff's alleged injuries and recovery. The remainder of Paragraph 90 contains conclusions of law to which no response is required. To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

91.    These answering Defendants deny the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.    These answering Defendants deny the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.    Paragraph 93 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 93 of Plaintiff's Complaint.

94.    Paragraph 94 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 94 of Plaintiff's Complaint.

1770854.1

<u>**COUNT VII**</u>

<u>**Negligent Provision of Medical Care**</u>

**(Against Defendants District of Columbia, Corrections Corporation of America and Center for Correctional Health and Policy Studies)**

95.    In answering Paragraph 95 of Plaintiff's Complaint, these answering Defendants incorporate their answers to paragraphs 1 through 94 as if fully set forth herein.

96.    Paragraph 96 of Plaintiff's Complaint contains conclusions of law to which no response is required.  To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.    These answering Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.    These answering Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.    Paragraph 99 of Plaintiff's Complaint contains conclusions of law to which no response is required.  To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.    Paragraph 100 of Plaintiff's Complaint contains conclusions of law to which no response is required.  To the extent a response is required, these answering Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, these answering Defendants request that they be dismissed and that they be awarded their reasonable attorneys' fees and costs incurred herein.

1770854.1

## <u>AFFIRMATIVE DEFENSES</u>

101.    As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff failed to state a claim upon which relief can be granted.

102.    As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff did not suffer any injuries or damages for which he may recover.

103.    As a separate defense, or in the alternative, these answering Defendants allege that the Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

104.    As a separate defense, or in the alternative, these answering Defendants allege that its conduct was not negligent and did not violate the applicable standard of care.

105.    As a separate defense, or in the alternative, these answering Defendants allege that it did not owe Plaintiff a duty of care under common law, statute or regulations.

106.    As a separate defense, or in the alternative, these answering Defendants allege that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence or intentional act of someone other than these answering Defendants, thereby reducing or eliminating any damages owed by these answering Defendants.

107.    As a separate defense, or in the alternative, these answering Defendants allege that the actions or inactions alleged on the part of these answering Defendants was not the proximate cause of any injuries, losses and damages to Plaintiff.

108.    As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff's allegations arose as a result of his own negligence, not the acts or omissions of these answering Defendants, thereby warranting dismissal of this lawsuit.

109.    As a separate defense, or in the alternative, these answering Defendants allege that they were acting in good faith, thereby warranting dismissal of this lawsuit.

1770854.1

110.   As a separate defense, or in the alternative, these answering Defendants allege that the actions of the Defendants and Defendants' employees were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

111.   As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff failed to mitigate his damages, thereby reducing or eliminating any damages owed by these answering Defendants.

112.   As a separate defense, or in the alternative, these answering Defendants allege that they did not breach any duty to Plaintiff.

113.   As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

114.   As a separate defense, or in the alternative, these answering Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages.

115.   As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff failed to exhaust administrative remedies in accordance with the Prison Litigation Reform Act prior to filing suit, thereby precluding all claims asserted under 42 U.S.C. § 1983.  *See*, 42 U.S.C. § 1997e(a).

116.   As a separate defense, or in the alternative, these answering Defendants allege that they were acting under legal process with good, sufficient and probable cause to be so

acting, and that the actions of this answering Defendants and their employees were in good faith and without malice.

117.    As a separate defense, or in the alternative, these answering Defendants allege that CCA employees enjoy qualified immunity from suit, as they were acting under close official supervision of the District of Columbia, and were acting in good faith and without malice, all of which would prevent Plaintiff from recovering from these answering Defendants.

118.    As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff was contributorily negligent, which would diminish or eliminate Plaintiff's right to recover under certain claims for relief.

119.    As a separate defense, or in the alternative, these answering Defendants allege that CCA employees were acting in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiff to prove in order to prevail on a claim of deliberate indifference.

120.    As a separate defense, or in the alternative, these answering Defendants allege that they were not subjectively aware of, and did not consciously disregard, a substantial risk of harm to Plaintiff, thereby warranting dismissal of this lawsuit.

121.    As a separate defense, or in the alternative, these answering Defendants allege that a policy, custom or practice promulgated by these answering Defendants were not the moving force behind Plaintiff's alleged constitutional violation, thereby warranting dismissal of Plaintiff's constitutional violation claims.

122.    As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff may have failed to comply with D.C. Code § 12-309 prior to filing suit, thus barring this action.

1770854.1

123.     Although these answering Defendants do not presently have facts in support of the following defenses, these answering Defendants wish to assert the following defenses should subsequent discovery reveal these defenses are appropriate.  Specifically, the following affirmative defenses set forth in FED.R.CIV. Rule 8 and Rule 12, including but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, *res judicata*, statute of frauds, statute of limitations, waiver, insufficiency of process and insufficiency of service of process.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein.

Dated: April 27, 2007

By   s/Jennifer L. Holsman

Daniel P. Struck, Bar No. CO0037
Rachel Halvorson, Admitted Pro Hac Vice
Jennifer L. Holsman, Bar No. 495296
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:   (602) 263-1700
Facsimile:    (602) 263-1784

Paul J. Maloney, DC Bar No. 362533
Colleen Durbin, DC Bar No. 500039
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC   20036
Telephone:       (202) 310-5500
Facsimile:        (202) 310-5555

Attorneys for Defendants, *CCA, Caulfield and Scott*

ORIGINAL of the foregoing
E-filed this 27th day of April, 2007.

By ____/s/ Jennifer L. Holsman

- 20 -

1770854.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007 a copy of the foregoing Answer Of Defendants

Corrections Corporation Of America, The District Of Columbia, Douglas Caulfield, Roger

Sinclair, Bonnie Scott And Nicole Hines  was served by First Class U.S. Mail on the following

parties:

Eric A. Dubelier, Esq.
Elizabeth Reidy, Esq.
REED SMITH
East Tower
1301 K Street, N.W.
Washington, DC   20005

Ivy Ann Lange, Esq.
WASHINGTON LAWYERS' COMMITTEE FOR
   CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W.
Suite 400
Washington, DC   20036

Attorneys for Plaintiff, *Robert Bethea*

Shana Lynn Frost, Esq.
OFFICE OF THE ATTORNEY GENERAL FOR THE
   DISTRICT OF COLUMBIA
441 Fourth Street
6th Floor South
Washington, DC   20001

Attorneys for Defendant, *District of Columbia*

Paul J. Maloney, DC Bar No. 362533
Colleen Durbin, DC Bar No. 500039
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC   20036

Attorneys for Defendants*, District of Columbia, CCA,*
*Caulfield, Hines, Sinclair and Scott*

s/      Jennifer L. Holsman

1770854.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Robert Bethea, | |
| Plaintiff, | No. 1:07-cv-00386 RCL |
| v. | |
| District of Columbia, Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., Warden Douglas Caulfield, Correctional Officer Roger Sinclair, Correctional Officer Bonnie Scott, Correctional Officer Nicole Hines, | |
| Defendants. | |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S CERTIFICATE**
**UNDER SUPER. CT. CIV. R. 7.1**

I, the undersigned, counsel of record for Defendants Corrections Corporation of America, the District of Columbia, Douglas Caulfield, Roger Sinclair, Bonnie Scott and Nicole Hines, certify that to the best of my knowledge and belief, Corrections Corporation of America is a publicly traded company, but that Corrections Corporation of America has no parent companies, subsidiaries or affiliates which have any outstanding securities in the hands of the public.

Dated: April 27, 2007                     JONES, SKELTON & HOCHULI, P.L.C.

/s/Jennifer L. Holsman
Daniel P. Struck, Bar No. CO0037
Rachel Love Halvorson, AZ Bar No. 019881
Jennifer L. Holsman, Bar No. 495296
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:    (602) 263-1700
Facsimile:    (602) 263-1784
Attorneys for Defendants CCA, District of
Columbia, Caulfield, Scott, Sinclair and Hines

ORIGINAL of the foregoing
E-filed this 27th day of April, 2007.

By ____/s/Jennifer L. Holsman

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007 a copy of the foregoing Defendant Corrections

Corporation Of America's Certificate Under SUPER. CT. CIV. R. 7.1 was served by First Class

U.S. Mail on the following parties:

Eric A. Dubelier, Esq.
REED SMITH
East Tower
1301 K Street, N.W.
Washington, DC   20005

Ivy Ann Lange, Esq.
WASHINGTON LAWYERS' COMMITTEE FOR
   CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W.
Suite 400
Washington, DC   20036

Attorneys for Plaintiff, *Robert Bethea*

Shana Lynn Frost, Esq.
OFFICE OF THE ATTORNEY GENERAL FOR THE
      DISTRICT OF COLUMBIA
441 Fourth Street
6th Floor South
Washington, DC  20001

Attorneys for Defendant, *District of Columbia*

Paul J. Maloney, DC Bar No. 362533
Colleen Durbin, DC Bar No. 500039
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC  20036

                                    s/  Jennifer L. Holsman

1771807.1