UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Bethea | ) |
|       Plaintiff, | ) |
|       v. | ) Case No.: 1:07-00386 (RCL) |
| District of Columbia, et al., | ) |
|       Defendants | ) |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3 AND FRCP 26(f)**

Plaintiff Robert Bethea ("Plaintiff") and Defendants District of Columbia, Corrections Corporation of America, Douglas Caulfield, Roger Sinclair, Bonnie Scott and Nicole Hines (collectively, "Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Civil Procedure 16.3, hereby submit their Joint Meet and Confer Report.[1]  Counsel for the available parties discussed via teleconference on May 22, 2007, the matters addressed in Local Rule 16.3 and set forth in this report.

**I.    Statement of the Case**

Plaintiff brings this action under 42 U.S.C. §1983, the United States Constitution, District of Columbia law and the common law.

---

[1] As of the filing of this report, Defendant Center for Correctional Health and Policy Studies ("CCHPS") has not responded to Plaintiff's complaint and summons.  The response was due by May 16, 2007.  Therefore, Defendant CCHPS was unavailable for consultation pursuant to the Rules.

The allegations contained within Plaintiff's complaint arise from assault which occurred while Plaintiff was an inmate at the Correctional Treatment Facility ("CTF"). CTF is run by Defendant CCA, on behalf of the District of Columbia. Plaintiff alleges that while he was on "total separation status" in the Special Management Unit, he was assaulted by another inmate who was given unlawful access to his cell by Defendant Sinclair. As a result, Plaintiff suffered permanent nerve damage to his left wrist and hand as well as his left foot and leg. Plaintiff also alleges that Defendant CCHPS was deliberately indifferent to his serious medical needs for care following the assault. He further alleges that Defendants, including CCA, deliberately and indifferently disregarded his serious medical needs by delaying his treatment and therapy.

Plaintiff brings claims for: 1) violation of the Eighth Amendment for failure to protect against Defendants Sinclair, Corrections Corporation of America ("CCA") and the District of Columbia ("the District"); 2) violation of the Eighth Amendment for failure to protect while in the Special Housing Unit against Defendants the District, CCA, Caulfield, Scott and Hines; 3) violations of the Eighth Amendment for failure to train and supervise correctional officers against Defendants the District, CCA, Caulfield, Scott and Hines; 4) negligent supervision of inmates under the District of Columbia Code as against Defendants the District, CCA, Caulfield, Sinclair, Hines and Scott; 5) negligent training of staff and agents as against Defendants the District, CCA and Caulfield; 6) violation of the Eighth Amendment for deliberate indifference to serious medical need as against Defendants the District, CCA and Center for Correctional Health and Policy Studies ("CCHPS"); and 7) negligent provision of medical care as against the District, CCA and CCHPS.

The Defendants deny both liability and damages.

**II.    Rule 16.3(c) Matters**

**1. Dispositive Motions**: Plaintiff does not believe that this case is likely to be decided either in whole or in part by dispositive motions.  No dispositive motions are currently pending; however, Defendants anticipate filing dispositive motions in this case at a later date.

**2. Pleading Amendments and Party Additions**:  The parties agree that there are no additional parties to this matter.  Plaintiffs have no current need to amend the pleadings, though the parties agree that any amendments shall be made **July 13, 2007**.  The parties do not believe that the factual and legal issues can be agreed upon or further narrowed at this time.

**3. Magistrate Judge**: The parties do not consent to have the case assigned to a magistrate judge for all purposes.

**4. Settlement**: The parties believe that this case may warrant early consideration for settlement.  The parties request that the Court appoint a Magistrate Judge to conduct a settlement conference to be held within the next ninety (90) days in order to attempt to resolve the matter without expending a considerable amount of fees and costs.

**5. Alternative Dispute Resolution**: The parties believe that court-ordered mediation may be helpful beginning 30 to 60 days after the Court's ruling on any dispositive motions, or, if no motions are filed, after the close of discovery.

**6. Dispositive Motions and Summary Judgment**: Plaintiff does not believe that this case will be resolved by summary judgment.  The parties agree that post-discovery motions, including dispositive motions, should be filed by **August 15, 2008**.

**7. Initial Disclosures under Rule 26(a)(1)**: The parties suggest that Initial Disclosures be exchanged by **June 29, 2007**.

8. **Extent of Discovery**:  The parties agree that all factual discovery should be completed by **February 1, 2008**.  The parties requests that this Court allow thirty (30) interrogatories, forty (40) requests for production of documents and ten (10) requests for admission per side.  Plaintiff requests that this Court allow fifteen (15) fact witness depositions by each side.  Defendant requests that the Court allow ten (10) fact witness depositions by each side.  The parties request that the court impose the presumptive time limit in Federal Rule of Civil Procedure 30(d)(2) of seven (7) hours per deposition.

9. **Exchange of Expert Witness Reports and Information**: The parties believe that Plaintiff's expert report(s) should be due by **March 3, 2008**.  Defendants should depose Plaintiff's expert(s) by **April 4, 2008**.  Defendants' experts report(s) should be due by **June 6, 2008**.  Plaintiff should depose Defendants' expert(s) by **July 18, 2008**.

10. **Class Actions**:  Not applicable.

11. **Bifurcation and Phases**: Plaintiff believes that bifurcation and management in phases is not applicable to this case.

12. **Pretrial Conference Date**: The parties agree that a pretrial conference should be scheduled to occur approximately sixty (60) days after the Court has ruled on post-discovery motions.

13. **Trial Date**: The parties agree that the Court should set a firm trial date at the pretrial conference for the trial to begin between thirty (30) and sixty (60) days after the pretrial conference.

14. **Electronic Discovery**: The parties will produce electronic data to the extent available.  Electronic documents and data will be produced in its native format.

**15. Protective Orders:** Defendants will be filing a Joint Protective Order regarding proprietary information, Plaintiff's medical records, and other such information that the Plaintiff may need to protect his security within the Federal Bureau of Prisons.

**III.    Rule 16.3(d)**

Pursuant to Local Rule 16.3(d), the parties submit a proposed scheduling order.

Respectfully submitted,

| ___/s/ Jennifer Holsman_____ | _____/s/ Jacqueline E. Bennett_____ |
|---|---|
| Daniel P. Struck, Bar. No C0037 | Eric Dubelier |
| Rachel Halverson, Pro Hac Vice | (D.C. Bar No. 419412) |
| Jennifer Holsman, Bar. No 495296 | Jacqueline E. Bennett, Esq. |
| JONES, SKELTON, & HOCHULI, P.L.C. | (D.C. Bar No. 474355) |
| 2901 North Central Avenue, Suite 800 | REED SMITH LLP |
| Phoenix, Arizona 85012 | 1301 K Street, N.W. |
| Telephone: 602-263-1700 | Suite 1100 – East Tower |
| Facsimile: 602-263-1784 | Washington, D.C. 20005 |
| | Tel: (202) 414-9200 |
| Paul J. Maloney, Bar No. 362533 | Facsimile: (202) 414-9299 |
| Colleen Durbin, Bar No. 5000039 | |
| CARR MALONEY, P.C. | Philip Fornaci |
| 1615 L Street, NW | (D.C. Bar No. 434824) |
| Washington, DC 20036 | Ivy A. Lange |
| Telephone: 202-310-5500 | (D.C. Bar No. 488147) |
| Facsimile: 202-310-5555 | Washington Lawyers' Committee for Civil Rights & Urban Affairs |
| Counsel for Defendants District of Columbia, Corrections Corporation of America, Douglas Caulfield, Roger Sinclair, Bonnie Scott and Nicole Hines | 11 Dupont Circle, N.W. Suite 400 Washington, D.C. 20036 |
| | Counsel for Plaintiff Robert Bethea |

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Joint Report and Proposed Scheduling Order were served, via electronic filing, on the 29th day of May, 2007 on those parties who have entered their appearance in this action, and via first class mail to:

Center for Correctional Health and Policy Studies
Serve: CT Corporation
1015 15th Street, N.W.
Suite 1000
Washington, D.C. 20005

                                                  */s/ Jacqueline E. Bennett*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert Bethea | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-00386 (RCL) |
| | ) | |
| District of Columbia, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## ORDER

Upon consideration of the Joint Report to the Court filed pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, it is hereby

**ORDERED** that the case shall proceed upon the following schedule:

| | |
|---|---|
| Initial Disclosures | June 29, 2007 |
| Amendment of Pleadings | July 13, 2007 |
| Completion of all Factual Discovery | February 1, 2008 |
| Plaintiff's Expert Report(s) Due | March 3, 2008 |
| Deadline for Defendants' Deposition of Plaintiff's Expert(s) | April 4, 2008 |
| Defendants' Expert Report(s) Due | June 6, 2008 |
| Deadline for Plaintiff's Deposition of Defendants' Expert(s) | July 18, 2008 |
| Deadline for Filing Post-Discovery Motions | August 15, 2008 |
| Alternative Dispute Resolution | 30-60 days after ruling on post-discovery motions or after close of discovery |

| | |
|---|---|
| Pretrial Conference | 60 days after ruling on post-discovery motions |
| Trial | 30-60 days after pretrial conference |

_____

ROYCE C. LAMBERTH

United States District Judge