IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Bethea,<br><br>            Plaintiff,<br><br>    v.<br><br>District of Columbia, Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., Warden Douglas Caulfield, Correctional Officer Roger Sinclair, Correctional Officer Bonnie Scott, Correctional Officer Nicole Hines,<br><br>            Defendants. | Case No. 1:07-cv-00386 RCL |

## **PROTECTIVE ORDER**

It being stipulated and agreed among the parties, and good cause having been shown, **IT IS HEREBY ORDERED** by the Court that the following procedures shall govern the production of confidential documents, testimony, interrogatory answers and other information in the actions captioned above:

Definitions

        1.    The following definitions shall apply to this Stipulated Protective Order ("Stipulated Protective Order"):

        a.    "Confidential Information" means any document or tangible thing, electronic recordings or transcripts of oral testimony whether or not made under oath, and the content of such document, thing, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in FED. R. CIV. P. 26(c)(7) or confidential personal information. Confidential Information" includes but is not limited to post orders, hazardous materials policy, the tool control policy, grievance logs, monitoring reports, contraband policies, Plaintiff's disciplinary report, and diagrams, maps or other depictions of the

area where plaintiff was allegedly injured, as well as confidential information relating to the security of any CCA or District facility and personal information relating to current or former CCA employees, or relating to or identifying current or former inmates (other than Plaintiff Bethea), the disclosure of which might invade those employees' or inmates' privacy. By way of example, and not limitation, Confidential Information may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies or summarizes matter that any party considers confidential.  Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for resolution.

        b.    "Documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intracorporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

        c.    "Action" shall refer to the above-captioned case pending in the United States District Court for the District of Columbia and any appeal of such action through final judgment as to all parties.

Applicability

2.    This Stipulated Protective Order shall govern any Confidential Information produced by any party currently named in the Action, including, in the case of parties other than individuals, their officers, directors, employees, and agents.

3.     This Stipulated Protective Order shall be fully applicable to material produced by or depositions taken of third parties and non-parties, and any third party or non-party from whom discovery is sought shall be entitled to designate material and testimony produced as Confidential Information pursuant to the terms of this Stipulated Protective Order.

Designation of Material

4.     It is contemplated that the parties will make available certain of their files and other information and data for inspection by opposing counsel pursuant to agreement and subpoena (files and information that contain confidential as well as non-confidential material) and that, following this inspection, opposing counsel will designate documents to be copied and produced.  At the time of production, the producing party will designate the documents that they deem to contain Confidential Information.  Only documents marked as CONFIDENTIAL/ SUBJECT TO PROTECTIVE ORDER will be subject to this Stipulated Protective Order.

5.     With respect to testimony or deposition transcripts, the producing party shall have twenty-one (21) days from the date upon which the testimony is given to designate said testimony or any portion thereof as "Confidential Information" within the meaning of this Stipulated Protective Order.  In the event that a party intends to use portions or excerpts of transcripts prior to the expiration of the 21 day period, such party shall give counsel for the deponent 48 hours to designate said testimony or any portion thereof as "Confidential Information" within the meaning of this Stipulated Protective Order.

6.     In the event that a producing party inadvertently fails to designate material as "Confidential," the party shall be entitled to make a correction.  Such correction and notice thereof shall be made in writing as soon as practicable.  The producing party, at their cost, shall also provide substitute copies of each item of Confidential Information, appropriately designated, to all parties who previously received the misdesignated material.  Those individuals who received the Confidential Information prior to notice of the misdesignation by the producing party shall within ten (10) business days of receipt of the substitute copies, destroy or return to

the producing party all copies of such misdesignated documents. Those individuals who reviewed the misdesignated Confidential Information prior to notice of the misdesignation by the producing party shall abide by the provisions of this Stipulated Protective Order at the corrected level of designation with respect to the use and disclosure of any information contained in the misdesignated Confidential Information after receipt of the notice of misdesignation.

7. In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; provided, however, if any person subject to this Stipulated Protective Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

Disclosure and Use of Confidential Information

8. Unless otherwise provided in this Order, Confidential Information shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons identified in the documents or through testimony as already having seen or received such Confidential Information (excluding persons whose prior access to such Confidential Information was known by the disclosing party to be unauthorized) and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Action:

    a. The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom;

    b. Counsel for the parties in the Action, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical

employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Action;

c.  Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the Action, provided that the requirements of Paragraph 11 below have been met;

d.  Any party currently named or later joined in the Action, including, in the case of parties other than individuals, their officers, directors, employees, and agents, solely for the purpose of the prosecution, defense, and/or appeal of the Action;

e.  Any person who will testify as a witness either at a deposition or a court proceeding in the Action for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 11 have been met;

f.  Any Court-appointed mediator or other individual acting pursuant to Court appointment; and

g.  Other persons upon further order of the Court or written consent of the producing party.

9.  Confidential Information containing address or contact information concerning former or current CCA and/or District of Columbia employees will not be disclosed to Plaintiff Bethea or to any other present or former inmate.  Moreover, if Defendants are requested to produce other Confidential Information that they believe should not be disclosed to Plaintiff Bethea or to any other present or former inmate, counsel for the parties will confer to discuss the issue.  If counsel for Plaintiff agrees, Defendants will produce the information with the label: "CONFIDENTIAL/SUBJECT TO PROTECT ORDER/COUNSEL AND EXPERTS' EYES ONLY." Confidential Information so labeled shall not be disclosed to Plaintiff Bethea or

to any other present or former inmate. If counsel cannot reach an agreement on the issue, the parties may take such steps as are appropriate to resolve the dispute.

10. If either party or their experts are required by law or court orders to disclose Confidential Information to any person or entity not identified in Paragraph 8, the name of that person or entity will be furnished the non-producing party as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that the non-producing party may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 8 who is entitled to receive Confidential Information must be furnished with a copy of the Protective Order.

11. The undersigned attorneys, as well as their clients, colleagues and any other personnel of their law firm or litigation support services assisting them in this Action, agree to be bound by the terms herein. Other than disclosure of Confidential Information at a deposition, hearing, or trial, persons described in Subparagraphs 8(c), (e) and (g) above, prior to being given access to any Confidential Information, must be provided a copy of this Stipulated Protective Order and sign the Acknowledgement attached as Exhibit A hereto agreeing to be bound by the terms of the Stipulated Protective Order and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Stipulated Protective Order. The Party providing the individual with Confidential Information shall retain copies of all executed Acknowledgements. Said Acknowledgements will only be provided to the producing party as may be ordered by the Court. As parties to the Action agree to be bound by the terms of the Stipulated Protective Order, they are not required to sign an Acknowledgement in order to receive Confidential Information. Persons who receive Confidential Information at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to Paragraph 8 above and who have not signed an Acknowledgement, may be shown and questioned about the Confidential Information during the deposition, hearing, or trial but

will not be entitled to take possession of the Confidential Information that was disclosed.

12. If a party desires to file Confidential Information in Court, whether separately or with or as part of pleadings or other court papers, the party shall file the Confidential Information under seal if the producing party's consent, which shall not be unreasonably withheld, to the public filing of the materials has not been obtained. Pleadings containing Confidential Information will be filed in a sealed envelope prominently market with the caption of this case, the identity of the party filing the envelope, and the notation "**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER.**"

13. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated Confidential Information will be prominently marked with the legend: "**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**." All portions of deposition or court proceeding transcripts designated as Confidential Information will be sealed and will not be disseminated except to the persons identified in Paragraphs 8. Whenever a deposition or court proceeding involves the disclosure of a party's Confidential Information to another party, the court reporter will be directed to bind those portions of the transcript containing Confidential Information separately. This request will be made on the record whenever possible.

<u>Return of Confidential Information</u>

14. Upon completion of this Action, counsel and their experts shall return to the producing party any Confidential Information produced in this action, within twenty (20) days following written request of the producing party. For archival purposes, the attorneys in the law firms representing the parties may retain all material constituting attorney work product and one copy of all pleadings, deposition and hearing transcripts, exhibits and written discovery responses, including portions designated pursuant to this Stipulated Protective Order.

15. If, upon completion of this litigation, Plaintiff's counsel desires to use the documents or Confidential Information produced pursuant to this Agreement in any other lawsuit, Plaintiff's counsel must first request in writing permission from the Office of the General Counsel of CCA and/or District of Columbia. The request must be made in sufficient time (not less than two weeks) for CCA and/or District of Columbia to adequately respond. If permission is given, all terms of this Order will apply to use of the Confidential Information in any other lawsuit.

Objection to Confidential Information

16. Counsel for various parties retain the right to challenge the designation of a particular document as Confidential Information. The burden of proof with respect to the propriety or correctness in the designation of information as Confidential Information will rest on the designating party. Pending such determination by the Court, material designated as "Confidential Information" shall be treated in accordance with the producing party's designation pursuant to this Stipulated Protective Order.

Relief From Terms of Stipulated Protective Order

17. Nothing in this Stipulated Protective Order precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Stipulated Protective Order.

18. Nothing in this Stipulated Protective Order shall be construed to require the production of any information, document or thing that a party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege.

19. Nothing in this Stipulated Protective Order shall prevent any party from using any Confidential Information at the trial of this Action. A party intending to use another party's

Confidential Information at trial must provide three business days notice, so that the designating party may move the Court to preserve the confidentiality of such material.

      Termination of Action

20. The terms of this Stipulated Protective Order shall survive the termination of this Action, and the Court shall retain jurisdiction of the Action after its final disposition for the purposes of enforcing this Stipulated Protective Order.

**SO ORDERED**

Date:    11/20/2007                                    /s/
                                                   The Honorable Royce C. Lamberth
                                                   United States District Judge

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Bethea,<br><br>        Plaintiff,<br><br>  v.<br><br>District of Columbia, Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., Warden Douglas Caulfield, Correctional Officer Roger Sinclair, Correctional Officer Bonnie Scott, Correctional Officer Nicole Hines,<br><br>        Defendants. | No. 1:07-cv-00386 RCL |

## **ACKNOWLEDGMENT**

      I certify that I have received and read a copy of the Stipulated Protective Order entered in the above-captioned action and that I agree to be bound by the terms of the Stipulated Protective Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court for the District of Columbia for purposes of enforcement of the Stipulated Protective Order.

      Dated:_____

                                                Signature

                                  _____
                                  Printed Name