## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Bethea, | |
| Plaintiff, | Civil Action No. 1:07-cv-00386-RCL |
| v. | |
| District of Columbia, Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., Warden Douglas Caulfield, Correctional Officer Roger Sinclair, Correctional Officer Bonnie Scott, Correctional Officer Nicole Hines, | |
| Defendants. | |

### DEFENDANT DISTRICT OF COLUMBIA, CORRECTIONS CORPORATION OF AMERICA, CAULFIELD, SINCLAIR, SCOTT AND HINES' RESPONSE TO PLAINTIFF'S MOTION TO STAY AND RESPONSE TO AUSA'S RESPONSE TO THE COURT'S FEBRUARY 6, 2008 ORDER

Defendants District of Columbia, Corrections Corporation of America, Caulfield, Sinclair, Scott and Hines ("Defendants"), through counsel, submit this response to Plaintiff's Motion to Stay and further respond to the Response of the Office of the United States Attorney for the District of Columbia regarding the Court's February 6, 2008 Order authorizing the Plaintiff's deposition to proceed.

This lawsuit was filed on February 22, 2007. Since that time, Defendants have unsuccessfully attempted to coordinate Plaintiff's deposition with Plaintiff's counsel. As a result, Defendants filed a Motion requesting Court approval to take the Plaintiff's deposition, which was granted on February 6, 2008. On March 10, 2008, the Office of the United States Attorney for the District of Columbia filed an objection to the Court's Order and proposed several alternatives for taking Plaintiff's deposition at a later date.

In the Response filed by the Office of the United States Attorney for the District of Columbia, several "options" were proposed for the parties on how to proceed with discovery in this matter. One option was that the parties proceed with all other discovery and take the deposition of the Plaintiff upon his release in October 2008. Defendants strongly object to this proposal for several reasons. First, allowing the party who initiated this action to be deposed *after* the close of discovery would be unduly prejudicial to the Defendants, who need information about the Plaintiff's claims *before* proceeding with discovery. Taking Plaintiff's deposition at the beginning of discovery allows the Defendants to obtain critical information that may lead to further discovery.

Second, discussing Plaintiff's damages through deposition at the beginning of a case also may lead to further discovery, may necessitate retaining damages or other experts, and might lead to the parties discussing potential settlement before the costs and fees begin to accumulate.

Third, Defendants will be prejudiced by not being allowed to depose Plaintiff before other fact witnesses in this case, as Defendants should be allowed to obtain Plaintiff's testimony without the possibility of it being "tainted" by way of Plaintiff being "counseled" by the testimony of the Defendants and other fact witnesses. Finally, Defendants would be severely prejudiced by being forced to depose Plaintiff through written interrogatory for the reason that they will have no opportunity to evaluate Plaintiff as a witness, which is critical for potential settlement, particularly in cases such as this where the participants stories are so vastly different. Moreover, deposition by written questions does not allow the party taking the deposition to fully explore the Plaintiff's background, claims, and damages as it is impossible to predict how Plaintiff will answer particular questions, thus making follow up at worst, impossible, at best, cumbersome. Accordingly, the Defendants request that Plaintiff's deposition be taken *first* before

proceeding with further discovery.

Defendants instead propose the following: (1) that there be a stay of all discovery until October 2008; (2) that the discovery deadlines be extended for an additional three months; or (3) that this case be dismissed without prejudice to allow for reinstatement of the case after Plaintiff's release. In the District, the Statute of Limitations is tolled while Plaintiff is incarcerated resulting in no prejudice to the Plaintiff as a result of a dismissal without prejudice. Each of these proposed alternatives were approved by the Office of the United States Attorney and articulated in the March 10 Response.

As outlined above, Defendants urge the Court to reject any proposal that would prohibit the Defendants from taking Plaintiff's deposition before any other deposition in the case, or require they take Plaintiff's deposition by way of written questions.

1900303.1

Dated:  April 8, 2008

By:    s/ Jennifer L. Holsman
       Daniel P. Struck, DC Bar No. CO0037
       Jennifer L. Holsman, Bar No. 495296
       JONES, SKELTON & HOCHULI, P.L.C.
       2901 North Central Avenue, Suite 800
       Phoenix, Arizona 85012
       Ph.:      (602) 263-7323
       Fax:      (602) 200-7811

       Paul J. Maloney, DC Bar No. 362533
       Mariana D. Bravo, DC Bar No. 473809
       CARR MALONEY, P.C.
       1615 L Street, N.W., Suite 500
       Washington, DC 20036
       Ph:      (310) 310-5500
       Fax:      (310) 310-5555

       Attorneys for Defendants *Corrections Corporation of America, Caulfield, Sinclair, Scott, and Hines*

Foregoing filed **electronically** this 8th day of April, 2008.

_____

1900303.1

COPY of the foregoing mailed
this 8th day of April, 2008, to:

Eric A. Dubelier, Esq.
Jacqueline E. Bennett, Esq.
REED SMITH, LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005

Ivy A. Lange, Esq.
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036

Attorneys for *Plaintiffs*

Shana L. Frost, Esq.
Assistant Attorney General
Office of the Attorney General
441 4th Street, N.W., 6SO51
Washington, D.C. 20001
Attorneys for *District of Columbia and CCA for medical claims only*

Paul J. Maloney, Esq.
Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC 20036

_____s/ Jennifer L. Holsman_____
Jennifer L. Holsman
